**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LATASHA MCLEMORE,** | : | Case No. 1:22-cv-00136-JDG |
| | : | |
| Plaintiff, | : | Judge James Gwin |
| | : | |
| v. | : | Magistrate Judge Jonathan Greenberg |
| | : | |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants University Hospitals Health System, Inc. ("UHHS"), Kimberly Schnupp, and Nancy Lempke (collectively "Defendants"), by and through undersigned counsel, and for their answer to Plaintiff's Complaint state as follows:

### PARTIES AND VENUE

1.      McLemore is a resident of the city of Elyria, county of Lorain, state of Ohio.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore deny the same.

2.      University Hospitals Health Systems, Inc. ("University Hospitals") is a domestic corporation with its principal place of business located at 11100 Euclid Ave. Cleveland, Ohio, 44106.

**ANSWER:** Defendants admit that UHHS operates a facility located at 11100 Euclid Avenue, Cleveland, Ohio 44106.  Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.      University Hospitals conducts business at 26908 Detroit Road, Westlake, Ohio 44145.

**ANSWER:**  Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4.      At all times herein, McLemore was acting in the course and scope of her employment.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.      Upon information and belief, Defendant Kimberly J. Schnupp is a resident of the State of Ohio.

**ANSWER:**  Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Schnupp is, and, at all times hereinafter mentioned, an individual who is a manager at University Hospitals.

**ANSWER:**  Defendants admit that Kimberly Schupp is a Revenue Cycle Supervisor for UHHS.  Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.      Schnupp is, and, at all times hereinafter mentioned, was an individual who acted directly or indirectly as an agent in the interest of University Hospitals and is an employer within the meaning of R.C. § 4112.01(A)(2).

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.      Upon information and belief, Defendant Nancy W. Lempke is a resident of the State of Ohio.

**ANSWER:**  Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9.      Lempke is, and, at all time hereinafter mentioned, an individual who is a manager at University Hospitals.

**ANSWER:**  Defendants admit that Lempke is a Revenue Cycle Manager for UHHS.

Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph

9 of the Complaint.

10.      Lempke is, and, at all times hereinafter mentioned, was an individual who acted directly or indirectly as an agent in the interest of University Hospitals and is an employer within the meaning of R.C. § 4112.01(A)(2).

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11.      All material events alleged in this Complaint occurred in Cuyahoga County.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.      Personal jurisdiction is proper over Defendants pursuant to Ohio R.C. § 2307.383(A)(1).

**ANSWER:**  The allegations set forth in Paragraph 12 of the Complaint call for a legal

conclusion that is not amenable to admission or denial.  To the extent an answer is required,

Defendants admit that the United States District Court for the Northern District of Ohio has

personal jurisdiction over the Parties in this action. Except as expressly admitted herein as true,

Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.      Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

**ANSWER:**  The allegations set forth in Paragraph 13 of the Complaint call for a legal

conclusion that is not amenable to admission or denial.  To the extent an answer is required,

Defendants admit that venue is appropriate in the United States District Court for the Northern

District of Ohio, Eastern Division.  Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.     This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

**ANSWER:**  The allegations set forth in Paragraph 14 of the Complaint call for a legal conclusion that is not amenable to admission or denial.  To the extent an answer is required, Defendants admit that the United States District Court for the Norther District of Ohio, Eastern Division has subject matter jurisdiction over the claims set forth in the Complaint.  Except as otherwise expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 14 of the Complaint

**FACTS**

15.     On or about April 9, 2019, McLemore began working for University Hospitals as a Revenue Cycle Specialist.

**ANSWER:**  Defendants admit the Plaintiff began working for UHHS as a Revenue Cycle Specialist II on April 9, 2019.  Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     McLemore suffers from anxiety and depression.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore deny the same.

17.     Anxiety constituted a physical impairment.

4

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.     Depression constituted a physical impairment.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     McLemore's medical conditions substantially impaired one or more of her major life activities, including working.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants perceived McLemore's condition to substantially impair one or more of her major life activities including working.

**ANSWER:**  Defendants deny the allegation set forth in Paragraph 20 of the Complaint.

21.     As a result of suffering from anxiety and depression, McLemore is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     In the alternative, University Hospitals perceived McLemore as disabled.

**ANSWER:**  Defendants deny the allegation set forth in Paragraph 22 of the Complaint.

23.     Despite being disabled, McLemore was qualified for and could perform the essential functions of her job.

**ANSWER:**  Defendants deny the allegation set forth in Paragraph 23 of the Complaint.

24.     During February 2021, McLemore was eligible for FMLA leave.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore deny the same.

25.     On or around February 1, 2021, McLemore filed for and was approved for FMLA leave for her depression and anxiety.

**ANSWER:**  Defendants admit that Plaintiff was approved for FMLA leave from January 31, 2021 through February 14, 2021.  Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     McLemore's physician provided the necessary information to University Hospitals to approve the FMLA request, which did not require McLemore's underlying diagnosis of depression and anxiety be disclosed to her direct supervisors.

**ANSWER:**  Defendants admit that, in support of her January 31, 2021 through February 14, 2021 period of FMLA leave, Plaintiff's physician provided information to the Reed Group. Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.     On or around February 15, 2021, when McLemore returned to work, Kim Schnupp began questioning McLemore about shy she was out of FMLA during their phone calls.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     McLemore told Schnupp it was to take care of her own health condition, but declined to disclose her exact diagnosis, as is her right.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Upon McLemore's return to work on or around February 15, 2021, Schnupp reassigned McLemore to substantially different job duties.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Lemke supported and affirmed Schnupp's reassignment of McLemore's duties.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Upon McLemore's return to work, Schnupp removed McLemore from work responsibilities McLemore held before taking FMLA leave.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Lemke supported and affirmed Schnupp's removal of McLemore's work responsibilities.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Upon McLemore's return to work, and after McLemore declined to disclose her diagnosis, Schnupp began consistently reprimanding McLemore for changes in her preferences rather than any violations of policies or procedures.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Schnupp did not reprimand similarly situated employees who did not take FMLA leave for those same trivial matters.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     In or around March 2021, McLemore made a complaint to Lempke about Schnupp treating her differently than other employees since McLemore's return from FMLA leave.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Lempke did not investigate McLemore's complaint.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Lempke did not investigate McLemore's complaint because Lemke supported and affirmed Schnupp's discriminatory and retaliatory treatment of McLemore.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     After McLemore filed this complaint, University Hospitals took no further action.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     In or around June 2021, McLemore's depression and anxiety flared.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and therefore deny the same.

40.     McLemore's depression and anxiety flared because of the discrimination and retaliation she suffered from Schnupp and Lempke.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     In or around June 2021 McLemore began to experience physical manifestations of her depression and anxiety symptoms like fatigue and high fevers.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore deny the same.

42.     In or around June 2021, McLemore went to her primary care physician and began the process of filing for FMLA leave once again.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore deny the same.

43.     In or around June 2021, McLemore applied for FMLA leave for her depression.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     On or around June 28, 2021, McLemore contacted Lempke about the status of McLemore's FMLA leave.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     On or around June 28, 2021, Lempke told McLemore that her FMLA request was "still pending."

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     On or around June 29, 2021, McLemore received a letter from Medical Mutual, University Hospitals' third-party administrator, with COBRA insurance instructions.  ("June 29, 2021 Cobra letter").

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and therefore deny the same.

47.     The June 29, 2021 Cobra Letter was the communication McLemore received indicating her employment with University Hospitals was terminated.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and therefore deny the same.

48.     In or around October 2021, after McLemore applied for unemployment compensation in July 2021, she was informed through the process that University Hospitals claimed McLemore was fired for "tardiness."

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore deny the same.

49.     University Hospital did not assert a reason for terminating McLemore's employment until after McLemore applied for unemployment compensation.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     University Hospital's claim of tardiness as the reason for McLemore's employment termination is pretextual.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Upon information and belief, University Hospitals has a progressive disciplinary system.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Upon information and belief, during McLemore's employment, McLemore never received a verbal warning for tardiness.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Upon information and belief, during McLemore's employment, McLemore never received a written warning for tardiness.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     On or about June 29, 2021, Defendants fired McLemore because of her disability.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     On or about June 29, 2021, Defendants fired McLemore because of her application for FMLA leave.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     As a result of Defendants unlawful acts, McLemore has suffered and will continue to suffer damages.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

## COUNT I:  UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

57.     McLemore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

**ANSWER:**  Defendants reassert and incorporate by reference herein their responses to Paragraphs 1 through 56 of the Complaint.

11

58.     Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

**ANSWER:** The allegations set forth in Paragraph 58 of the Complaint call for a legal conclusion that is not amenable to admission or denial.  Defendants admit that the FMLA statute speaks for itself.  Except as otherwise expressly admitted to herein, Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     University Hospitals qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

**ANSWER:** The allegations set forth in Paragraph 59 of the Complaint call for a legal conclusion that is not amenable to admission or denial.  To the extent an answer is required, Defendants admit that UHHS is a covered employer under 29 CFR Section 825.104(a).  Except as otherwise admitted herein as true, Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     McLemore was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     On June 29, 2021, Defendants terminated McLemore's employment because of her request for FMLA leave.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants unlawfully interfered with McLemore's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. As a direct and proximate result of the Defendant's conduct, McLemore suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. As a direct and proximate result of Defendant's wrongful conduct, McLemore is entitled to all damages provided for in the FMLA, including liquidated damages, costs, and reasonable attorney's fees.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

## **COUNT II: RETALIATION IN VIOLATION OF THE FMLA**

65. McLemore restates each and every prior paragraph of this Complaint as if it were fully restated herein.

**ANSWER:** Defendants reassert and incorporate by reference herein their responses to Paragraphs 1 through 64 of the Complaint.

66. During her employment, McLemore utilized FMLA leave.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 66 of the Complaint.

67. After McLemore utilized her qualified FMLA leave, Defendants retaliated against her.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants retaliated against McLemore by harassing her about her disabilities and her FMLA use.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants retaliated against McLemore by reassigning her to other duties.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants willfully retaliated against McLemore in violation of U.S.C. § 2615(a).

**ANSWER:** Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     As a result of Defendants' harassment regarding her FMLA use, McLemore suffered a flare up of her disabling condition.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     As a direct and proximate result of Defendants' wrongful conduct, Moore is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

## COUNT III:  DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, *et seq.*

73.     McLemore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

**ANSWER:** Defendants reassert and incorporate by reference herein their responses to

Paragraphs 1 through 72 of the Complaint.

74.     McLemore is in a protected class for her disabilities.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

14

75.     In the alternative, Defendants perceived McLemore as being disabled.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 75 of the Complaint.


76.     R.C. § 4112 *et seq*. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

**ANSWER:**  The allegations set forth in Paragraph 76 of the Complaint call for a legal conclusion that is not amenable to admission or denial.  To the extent an answer is required, Defendants admit that Ohio Revised Code 4112 speaks for itself.  Except as expressly admitted herein as true, Defendants deny the allegations set forth in Paragraph 76 of the Complaint and deny that they violated any portion of Ohio Revised Code 4112.


77.     Defendants treated McLemore differently than other similarly situated employees based upon her disability.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 77 of the Complaint.


78.     Defendants treated McLemore differently than other similarly situated employees based upon her perceived disability.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 78 of the Complaint.


79.     On or about June 29, 2021, Defendants terminated McLemore based upon her disabilities.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 79 of the Complaint.


80.     On or about June 29, 2021, Defendants terminated McLemore based upon her perceived disabilities.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by treating McLemore differently from other similarly situated employees outside her protected class.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on McLemore's disability.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     McLemore incurred emotional distress damages as a result of Defendants' conduct described herein.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     As a direct and proximate result of Defendants' acts and omissions, Luther has suffered and will continue to suffer damages.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

### COUNT IV:  UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

85.     McLemore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

**ANSWER:**  Defendants reassert and incorporate by reference herein their responses to

Paragraphs 1 through 84 of the Complaint.

86.     Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice. . ."

**ANSWER:** The allegations set forth in Paragraph 86 of the Complaint call for a legal conclusion that is not amenable to admission or denial.  To the extent an answer is required, Defendants admits that R.C. § 4112.02(J) speaks for itself.  Defendants deny that they violated R.C. § 4112.02(J).  Except as otherwise expressly admitted herein as true, Defendants  deny the allegations set forth in Paragraph 86 of the Complaint

87.     Schnupp aided, abetted, incited, coerced,  and/or compelled  Lempke's discriminatory treatment of McLemore.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Lempke aided, abetted, incited, coerced,  and/or compelled  Schnupp's discriminatory treatment of McLemore.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Schnupp aided, abetted, incited, coerced, and/or compelled University Hospital's discriminatory termination of McLemore.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Lempke aided, abetted, incited, coerced, and/or compelled University Hospital's discriminatory termination of McLemore.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Schnupp violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Lempke violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 92 of the Complaint.


93.     McLemore suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 93 of the Complaint.


94.     As a direct and proximate result of Defendants' conduct, McLemore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**ANSWER:**  Defendants deny the allegations set forth in Paragraph 94 of the Complaint.


95.     Defendants assert that the allegations contained in the "Wherefore" clause constitute legal conclusions for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in the "Wherefore" clause.  Further answering, Defendants deny that Plaintiff is entitled to any of the damages or relief requested in the Complaint.

96.     Defendants deny every allegation and averment contained in the Complaint that is not specifically admitted in this Answer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.     Plaintiff's Complaint fails to state one or more claims for which relief can be granted.

2.     To the extent Plaintiff has failed to exhaust any administrative remedies or other remedies, her claims are foreclosed in whole or in part.

3.      The claims asserted in the Complaint are barred in whole or in part by the doctrines of estoppel, laches, release, *in pari delicto*, ratification, unclean hands, consent, accord and satisfaction, and/or waiver.

4.      Defendants did not take actions in knowing or reckless disregard of Plaintiff's protected rights and Defendants did not willfully violate any laws with respect to its treatment of Plaintiff; therefore, Plaintiff cannot meet his burden of proving entitlement to punitive damages.

5.      Plaintiff's claim for damages is barred or limited by the after-acquired evidence doctrine.

6.      Plaintiff's claims for disability discrimination are barred because Plaintiff was not disabled, was not perceived or regarded as having a disability, and Plaintiff had no record of a disability.

7.      To the extent Plaintiff is claiming a failure to accommodate Plaintiff, Plaintiff's claim is barred for failing to provide notice to Defendants regarding the need for such accommodation, for failing to engage in the interactive process, because Plaintiff was not entitled to an accommodation, because any such accommodation would pose an undue hardship on Defendants, because a reasonable accommodation was unavailable, and/or because Plaintiff's request for accommodation is barred by the statute, applicable regulations, and/or case law.

8.      Plaintiff's claims for damages are barred to the extent that she has failed to make reasonable efforts to mitigate her damages, if any.

9.      Plaintiff's claims are barred due to Plaintiff's misrepresentation(s) and/or failure to disclose material facts.

10.      Plaintiff's Complaint should be dismissed to the extent Plaintiff's claims are barred by the applicable statutory or contractual limitations periods and/or are otherwise untimely.

11.     Plaintiff's claims are subject to the Ohio Tort Reform Act, R.C. 2315 *et seq.*, including, but not limited to, the provision regarding bifurcation of her punitive damages claim and evidence regarding alleged punitive damages.

12.     Plaintiff's claims for compensatory and punitive damages are subject to the limitations of R.C. § 2315.18.

13.     Plaintiff's Complaint and each of its claims fails to state any facts sufficient for recovery of attorneys' fees, costs, or other litigation expenses.

14.     Plaintiff is not entitled to punitive damages because such damages violate Defendants' federal and state constitutional rights to procedural and substantive due process and the constitutional right to be protected from excessive fines.

15.     Any award of punitive damages or liquidated damages would be inappropriate because Defendants did not engage in any intentional, willful, or malicious conduct toward Plaintiff, because any actions Defendants took regarding Plaintiff were in good faith accordance with UHHS's internal policies against discrimination and not taken wantonly or with malice, bad faith, or reckless indifference to Plaintiff's protected rights, and because Defendants did not willfully violate any laws with respect to its treatment of Plaintiff, thereby negating Plaintiff's alleged entitlement to punitive damages.

16.     Plaintiff's claim for punitive and liquidated damages is foreclosed because Defendants have undertaken reasonable measures to comply with all applicable statutes prohibiting unlawful discrimination and retaliation in employment and Defendants are not aware of any unlawful discrimination or retaliation directed at Plaintiff.

17.     Plaintiff's Complaint fails to allege any facts to demonstrate that Defendants' treatment of her was pretext for any alleged discrimination, harassment, or retaliation.

18.     Defendants' actions were, at all times, governed by legitimate, non-discriminatory/non-retaliatory good faith business considerations that were consistent with applicable law, and not based on any unlawful factors. Accordingly, even if there was discriminatory or retaliatory animus present (and there was not), the same decision would have been made with respect to Plaintiff's alleged employment—irrespective of such animus.

19.     Defendants' actions were not extreme or outrageous, malicious, or for ulterior purpose or motive.

20.     Defendants allege that Plaintiff's injuries and/or damages, if any, were solely, directly and proximately caused by Plaintiff's own actions or inactions and were not caused by Defendants or their respective agents, representatives and/or employees.

21.     The superseding, intervening acts and conduct of Plaintiff and/or other persons or entities intervened between Defendants' alleged acts and Plaintiff's alleged damages, thereby barring recovery in whole or in part from Defendants.

22.     Plaintiff's Complaint fails because Defendants exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory or other unlawful or negligent behavior alleged by Plaintiff, and/or Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendants or to otherwise avoid harm.

23.     Defendants' actions were, at all times, governed by legitimate, good faith business considerations that were consistent with applicable law; and they were not based on any unlawful factors.

24.     Plaintiff's claims are barred by the honest belief rule.

25.     Plaintiff is not a qualified individual with a disability.

26.     Plaintiff's damages, if any, are speculative and remote, and thus are barred.

27.     There is no factual or legal basis for injunctive or equitable relief against Defendants.

28.     Plaintiff's claimed emotional distress, if any, was proximately caused by factors other than Plaintiff's employment, Defendants' actions, or the actions of anyone acting on Defendants' behalf.

29.     Plaintiff's alleged disability and/or protected activity—to the extent they even existed—were not the "but for" causes of any adverse employment action.

30.     At all times relevant hereto, Plaintiff was treated in a manner consistent with similarly-situated employees.

31.     UHHS has a clear policy against harassment and discrimination. Therefore, Plaintiff's claims are barred, in whole or in part, because (1) Defendants took reasonable steps to prevent and correct workplace harassment and discrimination; (2) Plaintiff unreasonably failed to use or take timely advantage of the preventive and corrective measures that Defendants provided or to otherwise avoid harm; and/or (3) reasonable use of Defendants' procedures would have prevented some or all of the harm that Plaintiff allegedly suffered.

32.     Defendants did not, and could not with the exercise of reasonable diligence, know of the alleged harassment, discrimination, or retaliation, if any, asserted by Plaintiff.

33.     There was no causal nexus between Plaintiff's alleged protected activity or alleged disability and any alleged adverse employment action.

34.     The same decision regarding Plaintiff's employment would have been made regardless of Plaintiff's alleged protected activity and/or alleged disability.

35.     Plaintiff could not perform the essential functions of her position.

36.     Because much of Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendants reserve the right to assert additional defenses, if any, during the course of this litigation

## PRAYER FOR RELIEF BASED ON DEFENDANTS' ANSWERS AND DEFENSES

WHEREFORE, Defendants request that judgment be granted in their favor and against Plaintiff in the following manner:

1.     That the Complaint be dismissed in its entirety;

2.     That Plaintiff be ordered to pay Defendants' reasonable attorneys' fees and costs incurred in defending this action;

3.     That Defendants be awarded such other relief as the Court may deem appropriate.

Respectfully submitted,


*/s/ James P. Smith*
James P. Smith, Bar No. 0073945
jpsmith@littler.com
John W. Hofstetter, Bar No. 0087731
jhofstetter@littler.com

LITTLER MENDELSON, P.C.
Key Tower
127 Public Square
Suite 1600
Cleveland, OH  44114-9612
Telephone:   216.696.7600
Facsimile:    216.696.2038

Attorneys for Defendants
UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., KIMBERLY SCHNUPP, and NANCY LEMPKE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2022, a copy of the foregoing *Defendants' Answer to Plaintiff's Complaint* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ *James P. Smith*</u>
James P. Smith

One of the Attorneys for Defendants
UNIVERSITY HOSPITALS HEALTH SYSTEM,
INC., KIMBERLY SCHNUPP, and NANCY
LEMPKE